# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| HOMER HOLLOWAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV608-100 |
| | ) | CR606-026 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Homer Holloway has moved the Court to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255, alleging that he is entitled to an out-of-time appeal. Doc. 1. The government opposes the motion. Doc. 4. For the reasons that follow, the motion should be DENIED.

Holloway states that he instructed his trial attorney, Michael C. Garrett, to file a notice of appeal, but Garrett did not do so. Doc. 1 at 4. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), and thus "entitles the defendant

to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995); *see also Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969) (a defendant is entitled to a direct appeal from his conviction as a matter of right). Accordingly, the Court held a hearing on the matter, taking testimony from Holloway and Garrett.

Holloway testified that Garrett fleeced him and his family for money, rarely communicated with him, and generally performed poorly as defense counsel. Despite these problems, Holloway did not discharge Garrett because he believed that Garrett could get him a favorable sentence based upon Garrett's "acquaintance" with the prosecuting attorneys.[1] Indeed, Holloway acknowledged that Garrett negotiated an excellent plea agreement on his behalf.[2]

---

[1] Holloway seemed to hint at an improper relationship between Garrett and the Assistant United States Attorneys trying his case, but he never explicitly stated as much at the hearing.

[2] Garrett approached Holloway with two plea offers. He counseled Holloway to reject the first offer, as he believed he could negotiate a better agreement. The second offer included sentencing adjustments for acceptance of responsibility and for being a minor participant in the drug conspiracy leading to the prosecution, waived certain drug quantity calculations, and exacted a promise from the government to drop its prosecution of Holloway's son. Based upon that agreement, Holloway's maximum sentence exposure was 20 years, as opposed to the 20 year mandatory minimum he initially faced.

More to the point, Holloway testified that just after sentencing he explicitly asked Garrett to file an appeal on his behalf, and Garrett agreed to do so. *See* doc. 1, Aff. Holloway stated that he had his family contact Garrett on several occasions to discuss the appeal, but Garrett dodged their calls. Holloway testified that he first checked into the status of his appeal while taking a class on legal research and motions filing at FCI Fort Dix. He discovered that no appeal had been filed, so he submitted the present § 2255 motion seeking an out-of-time appeal.

Garrett disputed Holloway's testimony as to the quality of representation, stating that he filed a plethora of motions in the case, met with Holloway on five occasions, and regularly communicated with him on the telephone. He also stated that he talked to several of Holloway's family members during and after the case, but most of their requests related to retrieving documents from Holloway's file. At no point did they ever ask him about the status of any appeal or suggest that Holloway wanted to file one.

Garrett testified that after sentencing he met with Holloway in a holding area, where they discussed the possibility of an appeal in detail.

Garrett stated that he explained Holloway's appellate rights but counseled against filing an appeal, which he perceived to have no merit based upon the success of the plea negotiations and the few surviving appealable issues. Garrett testified that at no time during or after the discussion did Holloway ask him to file an appeal. He insisted that if Holloway had asked him to file an appeal, he absolutely would have done so, but likely in the form of an *Anders* brief, for he saw no meritorious grounds for an appeal. Garrett stated that whenever any client has asked him to file an appeal, he has done so, even if he sees no plausible grounds for appeal.

In support of his testimony, Garrett referred to a letter he received from Holloway dated January 17, 2008, just before the window for filing a notice of appeal had expired. (Sentencing occurred on January 8, 2008, and any notice of appeal was due to be filed within 10 days of that date.) Govt's Ex. 1. The letter never mentioned a pending appeal but instead asked Garrett to send Holloway "all of [his] discovery packet . . . [and copies of] court orders . . . [and a] pen register." *Id.* Garrett promptly sent the requested information, having reasonably concluded that Holloway had

4

decided to proceed with a § 2255 motion in lieu of an appeal.[3] Govt's Exs. 2 & 3.

The Court credits Garrett's version of the events and rejects Holloway's. Holloway simply was not a credible witness. He testified that he was not satisfied with Garrett's services, going so far as to state that Garrett coached him to tell the district judge at the Rule 11 hearing that he was satisfied with Garrett's services when he was not, in fact, satisfied. *See* Sent. Tr. 44-45. Yet, he admitted that Garrett performed remarkably well on his behalf by negotiating an excellent plea agreement. His memory of the events was inconsistent with the facts of the case and seemed colored and shaped by his legal research training at the hands of an inmate lawyer.

Garrett, on the other hand, is an experienced and well-respected criminal defense attorney. He is a member and former president of the Georgia Association of Criminal Defense Attorneys and a member of the National Association of Criminal Defense Attorneys. He has practiced criminal law since 1973, and has seen hundreds of cases to their conclusion

---

[3] This inference was corroborated by a letter he had received from Holloway's wife in her pending criminal prosecution under the same conspiracy. She discharged Garrett and her counsel, opting instead to "take matters into [her] own hands" at sentencing.

(including taking countless appeals). His testimony was straightforward and was supported by both Holloway's letter and the Rule 11 transcript.

The Court is convinced that Garrett performed admirably in his representation of Holloway by (among other things) securing an excellent plea agreement and thoroughly counseling Holloway regarding his appellate rights. Because Holloway did not ask Garrett to file an appeal, his § 2255 motion (doc. 1) should be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>25th</u> day of February, 2009.

/s/ *JRSmitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA