UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HOMER HOLLOWAY,

Movant,

v.          608CV100
              606CR026

UNITED STATES OF AMERICA,

Respondent.

## ORDER

This Court previously denied Homer Holloway's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. Doc. # 17.[1] Before the Court is Holloway's motion to alter or amend that judgment pursuant to F.R.Civ.P. 59. Doc. # 19.

This Court sentenced Holloway to 156 months in prison for violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride) pursuant to a guilty plea. 606CR026, doc. # 704. In his § 2255 motion, Holloway alleged that his retained counsel, Michael Garrett, was ineffective for failing to file an appeal on his behalf following the sentencing, despite Holloway's request for Garrett to do so. Doc. # 1 at 4. He thus sought leave to file an out-of-time appeal. After the magistrate judge issued his report and recommendation (R&R) concluding that Holloway had not expressly instructed his counsel to appeal his sentence, Holloway objected, arguing that his attorney had an affirmative duty to determine whether Holloway wanted to appeal.

In its Order adopting the R&R, the Court recognized the duty of counsel to "consult" with his client and make a reasonable effort to determine whether his client wished to appeal. Doc. # 17 at 2 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). While it was a close call, the Court concluded that the efforts taken by Holloway's trial counsel were not sufficient. *Id.* at 3. Nevertheless, the Court denied Holloway's motion, noting he "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 484).

The Court concluded that Holloway had not met this burden, reasoning:

> Holloway's objections do not point to any issues that he would raise on appeal. Additionally, the Court does not see any substantial reasons why Holloway would have appealed what appears to have been a very favorable outcome for him. Holloway acknowledged that Garrett negotiated an excellent plea agreement on his behalf. Doc. # 14 at 2. Garrett had rejected the government's first offer (which exposed Holloway to a 20-year minimum sentence) for a more favorable agreement (which exposed Holloway to a 20-year maximum sentence). *Id.* at 2 n.2. Furthermore, Holloway's sentence of 156 months was a downward departure from the guideline range of 188 to 235 months. 6:06CR026, doc. ## 696, 865. Lastly, Garrett testified that he saw no meritorious grounds for an appeal and that he would have filed an *Anders* brief if Holloway had directed him to appeal his conviction and sentence. Doc. # 14 at 4.

*Id.* at 4. Holloway now alleges a variety of grounds upon which he would have appealed.

---

[1] All docket-entry citations are to 608CV100, unless otherwise specified.

A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). This prohibition includes new arguments that were "previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998) (per curiam) []. A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Denial of a motion to amend is "especially soundly exercised" when a party gives no reason for not previously raising an issue. *Id.* (quotation marks and citation omitted).

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

Holloway asserts that neither he nor his appointed habeas counsel, Daniel G. Ashburn, had access to Holloway's Presentence Investigation Report (PSI), nor did either of them possess a copy of the transcript of Holloway's sentencing hearing. Doc. # 30 at 3. Having now received a copy of the PSI and the sentencing transcript, Holloway (or more accurately, his appointed habeas counsel) says that he is able to demonstrate that there is a reasonable probability that, but for trial counsel's deficient failure to consult with him about an appeal, Holloway would have timely appealed.

Holloway admits satisfaction with the plea agreement that his previous counsel struck. Rather, he claims that he did not receive the sentence that he expected under that agreement. Specifically, his sentence did not reflect a two-level reduction under the sentencing guidelines for his role as a minor participant, as had been agreed to in his plea agreement. His counsel contends, "Unfortunately, prior to the filing of the sentencing transcript on June 18, 2009, none of the publicly-filed and available documents in Holloway's criminal case revealed that this condition of the plea agreement was not accepted by the Court at sentencing." Doc. # 30 at 5. Indeed, upon review of the sentencing transcript, this Court did not accept this condition of the plea agreement and ruled against granting Holloway minor participant status over defense counsel's objections. *See* 606CR026, doc. # 955 at 5-20.

Holloway's next argument relates to the drug quantity that was used to calculate his sentence. Holloway was indicted for conspiracy "to possess with intent to distribute, and to distribute, 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine hydrochloride (powder)...." 606CR026, doc. # 1 at 2. Holloway pled guilty to a "lesser included offense of that count," whereby no "drug quantity threshold [was] alleged for penalty enhancing purposes." 606CR026, doc. # 868 at 7 (emphasis omitted). Holloway's sentence was calculated based on the recommendation in his PSI that at least 15 but not more than 50 kilograms of powder be attributed to him. Thus, Holloway complains that "[his] sentence was ultimately calculated based upon a *higher* quantity of drugs than stated in the indictment, even though the plea agreement specified that the guilty plea only constituted proof of a *lesser-included* offense...." Doc. # 30 at 7 (emphasis in original). In other words, Holloway argues, if he was indicted for 5 kilograms or more, but was sentenced based on 15 to 50 kilograms, what was the point of his pleading guilty to an unspecified quantity of drugs?

Despite Holloway's contention that his trial counsel should have objected to this, the Court sees nothing objectionable. Holloway was indicted for 5 kilograms *or more* of

2

cocaine. Had he been found guilty of this, he would have faced a statutory mandatory *minimum* sentence of 10 years, 20 years, or even life, as outlined in 21 U.S.C. § 841(b)(1)(A). By pleading guilty to "a quantity" of drugs, Holloway avoided these statutory mandatory minimums and was sentenced pursuant to 21 U.S.C. 841(b)(1)(C) which carries a statutory *maximum* sentence of 20 years (or 30 years if there is a prior felony drug conviction).

Thus, Holloway received the benefit of the bargain he struck in his plea agreement. The plea agreement does not bind the hands of the Probation Office, which drafts the PSI, from attributing a specific quantity of drugs to Holloway for the purpose of applying the Sentencing Guidelines. *See* doc. # 868 at 8 (Plea Agreement) ("The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.") However, the question before the Court is not whether Holloway's issues on appeal would have merit. Rather, the Court is only concerned with whether there was a reasonable probability that Holloway would have appealed had he been given the chance to do so. If Holloway misunderstood what he was agreeing to in his plea agreement, then his assertion that he would have appealed his sentence gains credibility.[2]

Finally, Holloway challenges the Court's legal ruling that two of his prior offenses did not constitute "related offenses," which resulted in an increase in his criminal history category under the Federal Sentencing Guidelines. Doc. # 30 at 9-10. Holloway's counsel objected to this ruling, but the Court relied on the First Circuit's opinion in *United States v. Yates*, 973 F.2d 1 (1st Cir. 1992) in finding the crimes unrelated, and it overruled that objection. However, this ruling could arguably constitute an issue to be raised on appeal.

The Court concludes that Holloway has demonstrated a *reasonable* probability that he would have appealed had his retained guilty plea counsel, Michael Garrett, more thoroughly consulted with Holloway regarding his desire to appeal. This conclusion is further supported by the fact that an out-of-time appeal is the only remedy that Holloway seeks through his § 2255 motion. The Court emphasizes any failure by Garrett to adequately consult with Holloway appears to have resulted from a break-down in communication between a lawyer and his client which will inevitably happen if one practices law long enough. The Court further notes that Garrett defended Holloway commendably throughout his representation.

Furthermore, Holloway's current court appointed habeas counsel, Daniel G. Ashburn, filed a timely motion to alter this Court's previous denial of Holloway's motion for an out-of-time appeal. Doc. # 19. While this Court has high expectations of all counsel who come before it and expects them to be fully familiar with the facts of their clients' cases, the Court does recognize that the PSI and sentencing transcript were unavailable here, and also that Ashburn, as habeas counsel, was unfamiliar with Holloway's sentencing proceedings. Thus, in the interests of justice and in light of the new facts that have arisen with the disclosure of the PSI to Holloway and the transcription of the sentencing hearing, the Court finds Rule 59 relief appropriate.

The Court ***GRANTS*** Holloway's motion to alter this Court's previous judgment denying Homer Holloway's 28 U.S.C. § 2255 motion. Doc. # 19. In accordance with the

---

[2] On the other hand, had Holloway voiced these concerns to his counsel at sentencing, the Court expects that his counsel would have explained away any confusion and informed Holloway that this was not a meritorious ground for appeal.

3

Eleventh Circuit's procedure for granting an out-of-time appeal, see *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the Court *AMENDS* its prior § 2255 Order and Judgment, doc. ## 17, 18, to provide for the following remedy: The Judgment in Holloway's underlying criminal case (606CR026, doc # 704) is *VACATED*. Simultaneous with the entry of this Order, the Court is entering a new Judgment and Commitment Order (J&C) reimposing the same sentence, identical in all respects to the Original J&C (606CR026, doc. # 704), save only for the date of entry.

The Court *HEREBY ADVISES* Holloway that with the entry of the new J&C, he shall have all the rights associated with an appeal from any criminal sentence. As it is clear that Holloway wishes to appeal, the *Clerk of the Court shall file a notice of appeal* on Holloway's behalf upon entry of the new J&C. The government may also file an appeal from this sentence.

The Court also advises Holloway that he is entitled to the assistance of counsel in taking an appeal. Accordingly, the Court *DIRECTS* that Daniel G. Ashburn, the attorney appointed to represent Holloway in the § 2255 proceeding, continue to serve as Holloway's counsel for the purpose of filing and prosecuting the direct appeal of his criminal case. By copy, Ashburn is informed of this Order and Holloway's concomitant rights.

This 27th day of July 2009.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA